Opinion delivered April 27, 1887.

---

No. 5166.

### B. B. WRIGHT *v*. THE STATE.

1. KEEPING OR EXHIBITING A GAMING BANK, ETC.—PENALTY—CHARGE OF THE COURT is erroneous if it announces imprisonment in jail to be part of the punishment for keeping or exhibiting a gaming bank, with no discretion in the jury to dispense therewith and impose a fine alone.    Article 358 of the Penal Code prescribes the penalty as a fine, but empowers the jury to also assess imprisonment in the county jail for not exceeding thirty days; and this Article is still in full force, notwithstanding the

abortive amendatory Act of March 19, 1885, heretofore declared unconstitutional in the case of Hunt v. The State, 22 Texas Court of Appeals, 396.

2. .Same—Accomplice Testimony—Constitutional Law.—In prosecutions for gaming a conviction may be had upon the uncorroborated testimony of an accomplice or joint offender; and Article 367 of the Penal Code, which so provides, is a constitutional enactment.

Appeal from the District Court of Live Oak. Tried below before the Hon. D. P. Marr.

A fine of twenty-five dollars and imprisonment in the county jail for ten days constituted the punishment assessed against appellant for keeping and exhibiting a gaming bank, commonly called a monte bank, for the purpose of gaming. The principal witness for the State inculpated himself as interested in the game, and also as the dealer of it during part of the day alleged in the indictment. The assignment of errors assailed the constitutionality of Article 367, Penal Code.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

Willson, Judge. This is a conviction for keeping and exhibiting a gaming bank for the purpose of gaming, and the punishment assessed and adjudged against the defendant is a fine of twenty-five dollars, and ten days imprisonment in the county jail. This punishment is within the provision of the Act of March 19, 1885 (Gen. Laws, 19 Leg., 34), amendatory of Article 358 of the Penal Code. This court, however, in Hunt et al. v. The State, 22 Texas Court of Appeals, 396, declared that Act to be unconstitutional, and that the only punishment which could be legally imposed for this offense was that imposed by said Article 358.

By this Article imprisonment in jail not more than thirty days *may*, in the discretion of the jury, be imposed in addition to the fine; but by the amendatory Act, above cited, imprisonment not less than ten nor more than ninety days was *required*, and in this case the court so instructed the jury. No discretion was left the jury to omit imprisonment as a part of the punishment. Because of this error the judgment must be reversed and the cause remanded, that the defendant may be tried under Article 358, the law in force when the offense was committed.

It is expressly provided by statute that in prosecutions for gaming a conviction may be had upon the unsupported evidence of an accomplice or participant. (Penal Code, art. 367; Stone v. The State, 3 Texas Ct. App., 675). We have no hesitancy in saying that in our opinion this provision of the code is constitutional, and that the court, with reference thereto, did not err in its charge to the jury.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*